IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | No.  06-30050 |
| | ) | |
| JAMIE GOLDEN, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on the Federal Public Defender's Motion to Withdraw as Counsel (d/e 63) (Motion to Withdraw). Defendant Golden filed a Motion to Reduce Sentence (d/e 62) based on the second retroactive Amendment to the sentencing guideline range regarding crack cocaine sentencing.  The Court appointed the Federal Public Defender to represent Defendant in this matter.  <u>Text Order entered October 20, 2008</u>.

Title 18 U.S.C. § 3582(c)(2) provides that a court may not modify a term of imprisonment once it has been imposed except:

[I]n the case of a defendant who has been sentenced

1

> to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

A reduction is not consistent with applicable policy statements if "the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)." U.S.S.G. § 1B1.10, comment n.1(A).

The Defendant was sentenced by this Court on December 10, 2007, to a sentence of 188 months imprisonment. The Court adopted the findings of the Presentence Investigation Report (d/e 41) (PSR) with respect to the determination of Golden's Guideline range. <u>December 10, 2007 Minutes</u>. Taking these findings and applying the second retroactive crack cocaine amendment, effective May 1, 2008, the Court concludes that Defendant's Guidelines sentencing range does not change. Under the Guidelines effective at Defendant's sentencing, the Court found Defendant

2

accountable for the equivalent of 2,500.2 kilograms of marijuana (for 7.09 kilograms powder cocaine and 77.3 grams crack cocaine), which resulted in a base offense level of 32. Under the May 1, 2008 amendment, Defendant is accountable for the equivalent of 2,964 kg of marijuana, which provides for a combined offense level of 32. Ordinarily, the May 1, 2008 amendment would then require a 2-level reduction. However, the 2-level reduction does not apply where the combined offense level for all drugs after the 2-level reduction (level 30 here) is less than the base offense level for just the powder cocaine (level 32 here). Thus, the Federal Public Defender concluded that the retroactive Amendment would not lower Defendant Golden's sentencing range, and therefore, asks for permission to withdraw as counsel. Motion to Withdraw, ¶ 3.

THEREFORE, the Federal Public Defender's Motion to Withdraw as Counsel (d/e 63) is GRANTED. Defendant is allowed to pursue this matter *pro se*.

Defendant shall file with this Court no later than December 29, 2008, a pleading that either: (a) concedes that the Amendment does apply, or (b) explains why the Amendment applies.

IT IS THEREFORE SO ORDERED.

ENTER: November 26, 2008

    FOR THE COURT:

                                                    s/ Jeanne E. Scott
                                        JEANNE E. SCOTT
                          UNITED STATES DISTRICT JUDGE